LUESSEN, Administrator, Respondent, vs. OSHKOSH ELECTRIC LIGHT & POWER COMPANY, Appellant.

*January 12 — February 1, 1901.*

*Negligence causing death: Pleading: General and special damages: Parent and child.*

1. In an action under secs. 4255, 4256; Stats. 1898, for the negligent killing of a boy, allegations that he was not married, that he was seventeen years of age at the time of his death, and was an intelligent, healthy young man, capable of doing business and earning considerable sums of money, and that he left a father surviving, are *held* sufficient to warrant the recovery of the ordinary value of the services of an ordinary boy of the age of deceased for the balance of his minority, but not of any special damages by reason of the peculiar ability of the deceased to earn money, or for loss based on reasonable anticipation of receiving pecuniary benefits from a continuation of the life of the deceased subsequent to his minority.

2. As between a parent and a wrongdoer who has negligently caused the death of his minor son, the parent is entitled to damages for loss of services, notwithstanding a probability that, had the son lived, the father might have allowed him to spend his time in idleness, or might have given him his time.

APPEAL from an order of the circuit court for Winnebago county: GEORGE W. BURNELL, Circuit Judge. *Affirmed.*

Action by the personal representative of Edward W. Luessen, deceased, under secs. 4255, 4256, Stats. 1898. The complaint contained appropriate allegations to show that the death was produced by the negligent conduct of defendant. The allegations relied upon to show pecuniary loss to the father were as follows: Said Edward W. Luessen was not married; he was seventeen years of age at the time of his death, and was an intelligent, healthy young man, capable of doing business and earning considerable sums of money, and left a surviving father.

Defendant demurred to the complaint for insufficiency. The demurrer was overruled, and defendant appealed.

For the appellant there were briefs by *Thompson, Harshaw & Thompson,* and oral argument by *J. C. Thompson* and *A. E. Thompson.*

For the respondent there was a brief by *Felker, Stewart & McDonald,* and oral argument by *C. W. Felker.*

MARSHALL, J. It is so well settled that a complaint to enforce the cause of action given by secs. 4255, 4256, Stats. 1898, must contain a statement of the facts showing the survivorship of some one of the persons for whose benefit the statutory right was created, and that such person was pecuniarily interested in the continuance of the life that was wrongfully terminated, that we deem it unnecessary to discuss the subject.

Counsel for respondent concede the proposition contended for by appellant on this appeal, to the extent indicated, but say that the calls of the statute are satisfied by facts expressly or by necessary implication stated in the complaint. Counsel for appellant say that the damages recoverable are, in their nature, special, and that they must be pleaded with all the particularity required by the rule as to such damages, strictly so called. True, the damages are special in a sense, but they are not such within the general meaning of the term. Many cases are cited to our attention where the term "special" is used in regard to such damages. It is not necessary to refer to and review them in detail. The distinction between general and special damages is that the former are necessarily implied from the wrong, while the latter are only attributable to the wrong by reason of some circumstance or circumstances not generally present in such a situation. For instance, if a person be deprived, by the wrongful act of another, of the capacity to labor and earn money, the general damages that result are considered to be the reasonable value of the services of an ordinary person of his age, at ordinary labor. In order to warrant a

recovery upon the basis of ability to earn $100 per month, because when the injury took place the injured person was engaged in special work for compensation to that amount, the facts in that regard must be pleaded. *Tomlinson v. Derby,* 43 Conn. 562. The damages recoverable in an action of this kind are not necessarily special, except in the sense that a particular person is entitled thereto. However, such person may be so circumstanced as to be entitled to general damages as well as special damages. The former are sufficiently pleaded by pleading the facts from which, as a matter of law, they are necessarily implied. The latter can only be recovered by pleading the special circumstances giving rise to them. Here it is stated that the deceased was seventeen years of age, that he was intelligent, in good health, and capable of earning considerable sums of money, and that he left a father surviving. The necessary implication from those allegations is that the surviving father has been deprived of the reasonable value of the services of an intelligent son who was in good health and capable of earning considerable sums of money for the last four years of his minority. There is nothing in such allegations indicating that the deceased was above the average of boys of his age, or that his services were worth any more than those of boys generally, of his age. No special damages, strictly so called, are pleaded; but the complaint is good as regards the damages that the surviving father has suffered as a matter of law from the facts stated,—the loss of the ordinary value of the services of an ordinary boy of seventeen years of age, for the balance of his minority. Those damages are special in the sense that they are recoverable only for the benefit of the father, and because there is a father in being to claim them. The facts in that regard are pleaded. They are general damages to the father because they are such as by necessary implication befall a father under the circumstances stated. Hence, a statement of the facts from which

such damages are inferable is all that is necessary. It satisfies the rule that the facts must be stated showing that the beneficiary under the statute has sustained pecuniary loss by the wrongful taking away of his relative, not leaving the circumstance of loss to be inferred from the mere circumstance of the wrongful deprivation of life. *Regan v. C., M. & St. P. R. Co.* 51 Wis. 599, 601.

In the case cited, which is appellant's chief reliance, a complaint, in an action for damages for the negligent killing of a husband and father, was condemned because it did not state any fact indicating pecuniary loss to the widow other than that she was left surviving with a family of several children. It was said that pecuniary loss to a surviving widow under such circumstances is not necessarily to be implied. However, it was said that probably the complaint would have been sufficient if it had shown the age of the deceased and that he was of sufficient ability to contribute to the support of his family. The rule adopted is rather severe and should not be extended; yet, as we have seen, a mere statement indicating ability to earn money, which by reasonable inference would be devoted, in part at least, to the support of the family, would have cured the weakness in the complaint, discovered by the court. That field is fully covered here by the allegations that the deceased was intelligent, in good health, and capable of earning considerable sums of money.

The rule laid down in *Chicago v. Hesing*, 83 Ill. 204, 207, cited by respondent's counsel, is unquestionably sound, that where the person wrongfully killed is a minor and leaves a father who would have been entitled to his services had he lived, the law implies pecuniary loss for which compensation under the statute is given. Of course, the damages so implied are general damages only, such as necessarily ordinarily spring from such a situation, and must be so limited on the trial, if the allegations in the complaint, as in this

Luessen vs. Oshkosh Electric Light & Power Co.

case, only state the facts necessary to the implication. The probability that the father might have allowed his son to spend his time in idleness, or might have given him his time, had he lived, does not militate at all against the fact of pecuniary loss. If a person is deprived of his capacity to work by the wrongful conduct of another, it was never supposed that the latter can benefit by the possibility or probability that his victim might in any event have spent his time in idleness. The surviving father here was entitled, as a matter of right, to the services of his son. As between him and the wrong-doer, the latter has deprived him of that right. It is entirely immaterial what disposition he would have made of his son's time had he lived. If one deprive a person of anything of value, the loss to the latter in a legal sense is not lessened at all by the circumstance, if it exist, that he intended never to enjoy it, or to bestow it as a gratuity upon another.

What has been said sustains the complaint only as a claim for loss of service of the deceased during the balance of his minority. No fact is pleaded from which loss can be claimed, based on reasonable anticipation of receiving pecuniary benefits from a continuation of the life of the deceased subsequent to his minority. As we understand it, respondent concedes that.

*By the Court.*— The order is affirmed.