McKISSICK, Individually and as Special Administrator of the Estate of Clifford McKissick, Deceased, and wife, Appellants, v. SCHROEDER and another, Respondents.

*No. 546 (1974). Argued October 30, 1975.—*
*Decided December 10, 1975.*
(Also reported in 235 N. W. 2d 686.)

For the appellants there was a brief by *Eisenberg & Kletzke* of Milwaukee, and oral argument by *Michael F. Hupy* of Milwaukee.

For the respondents there was a brief by *James B. Brennan,* Milwaukee city attorney, and *Rudolph T.*

*Randa,* assistant city attorney, and oral argument by *Grant Langley,* assistant city attorney.

WILKIE, C. J.   This appeal involves litigation growing out of an incident that occurred on August 2, 1967, in the city of Milwaukee. On that date Clifford McKissick, an eighteen-year-old youth, was shot and killed at the rear of his home as he was allegedly fleeing from the defendant policeman, Ralph Schroeder. According to the allegations of the defendants, the youth had been observed with a fire bomb in the vicinity, and a warning shot was fired before the fatal shot.

Over eight years later a controversy still lingers over whether a sufficient complaint has been pleaded for the plaintiffs, A. J. McKissick, the father of Clifford McKissick, and Lois McKissick, Clifford's mother. Six complaints or amended complaints have been served on March 25, 1969, November 21, 1969, February 9, 1970, March 2, 1970, May 28, 1970, and July 20, 1973.

There have been numerous stipulations for continuation of time for pleading, several demurrers, 34 papers in all, and still there is no determination that there is a lawsuit in the sense that there is a cause of action or causes of action stated which are not subject to demurrer. Our legal system should be geared to provide parties who allegedly are injured, here A. J. and Mrs. Lois McKissick, an opportunity to have their grievances aired in a reasonably prompt manner.

We conclude that there is a valid cause of action stated for each plaintiff which meets the challenge of a demurrer. We, therefore, reverse in both respects and remand the matter to the trial court for further proceedings by way of answer and trial on the merits.

*Cause of action for wrongful death.*

The trial court incorrectly sustained the defendants' demurrer to the wrongful death cause of action on the

ground that the plaintiffs failed to state facts sufficient to constitute a cause of action.[1] The trial court did not specify in its opinion the particular defects in the complaint. The defendants now argue on appeal that this complaint is fatally defective because it does not allege that the deceased minor was capable of work or gainful employment and, therefore, fails to allege a factual basis for pecuniary injury to the parents.

The pertinent allegations of the complaint are as follows:

"1. That the above named plaintiffs, A. J. McKissick and Lois McKissick, reside at 7001 North 100th Street, in the city and county of Milwaukee, state of Wisconsin, and were, prior to the death of Clifford McKissick, the parents of said Clifford McKissick, who died on August 2, 1967, a minor of the age of eighteen (18) years and who resided with his parents in the city and county of Milwaukee, state of Wisconsin. That the plaintiffs, individually and A. J. McKissick, as special administrator of the estate of Clifford McKissick, are lineal heirs of the said Clifford McKissick and are the proper parties to bring the wrongful death action pursuant to Section 895.04 Wisconsin Statutes, the said Clifford McKissick being a single man at the date of his death and not having any children.

". . .

"7. That as a proximate result of the aforesaid acts of negligence on the part of the defendants, the plaintiffs have sustained the following damages:

"a. Pecuniary injury as a result of the death of said Clifford McKissick by reason of the loss of future support from said Clifford McKissick for themselves . . . ."

In our consideration of whether the allegations are sufficient to support a claim of pecuniary injury we are governed, of course, by two rules:

(1) Secs. 263.07 and 263.27, Stats., require that, in case of a demurrer to a complaint, the complaint shall be liberally construed by the court, with a view to achieving

---

[1] Sec. 263.06 (6), Stats.

substantial justice between the parties; and (2) a plaintiff is entitled to all reasonable inferences which can be drawn from the facts pleaded.[2]

At this stage of the proceedings, where we consider the allegations of the complaint and not what the proof will be at trial, it certainly can be reasonbly inferred from all the facts alleged, especially the fact that the parents would lose "future support," that the deceased was capable of work and gainful employment.

In challenging the complaint on this cause of action, the defendants rely upon the 1881 case of *Regan v. The Chicago, Milwaukee, & St. Paul Ry.*[3] for the proposition that an allegation of ability to contribute to the survivors' support is essential and cannot be presumed. However, *Regan* can be distinguished in that there the plaintiffs alleged only survivorship and damages. There was no mention of the age or living conditions of the deceased, nor any allegation that the survivors would lose future support, as there is in this case. In addition, the result in *Regan* was termed "rather severe" in the later case of *Luessen v. Oshkosh Electric Light & Power Co.,*[4] and the court decided that it should not be extended beyond its particular facts. The defendants also argue that the *Luessen Case* requires an allegation that the deceased minor was able to work or be gainfully employed. Yet in *Luessen* the court adverted to the allegation of ability to work in holding the complaint sufficient only because there was no allegation that the father intended to rely upon the deceased minor for future support. In this case, where there is a specific allegation of loss of future support, it is not necessary to search for a further allegation of ability to work.

[2] *See, for example: Falk v. Whitewater* (1974), 65 Wis. 2d 83, 221 N. W. 2d 915; *Northwestern Motor Car, Inc. v. Pope* (1971), 51 Wis. 2d 292, 187 N. W. 2d 200.

[3] (1881), 51 Wis. 599, 8 N. W. 292.

[4] (1901), 109 Wis. 94, 97, 85 N. W. 124.

It should also be noted here that, quite irrespective of the question of pecuniary injury, the plaintiffs have alleged damages for loss of society and companionship and funeral expenses. The wrongful death statute allows these claims apart from any claim for pecuniary injury.[5] There is no question that the complaint is sufficient in regard to these claims.

*Cause of action on intentional infliction of emotional distress.*

The trial court incorrectly ruled that the second cause of action alleging intentional infliction of emotional distress to Mrs. McKissick was barred by the statute of limitations. The court ruled that the first allegations on this cause of action were contained in the fifth complaint which did not come into existence until March 29, 1971, and that this was more than three years after the relevant incident occurred on August 2, 1967.

However, it appears from the record that Lois Mc-Kissick was attempting to allege a cause of action for the intentional infliction of emotional distress as early as the second complaint which was served on counsel for the defendants on November 21, 1969. In this second complaint, Lois McKissick alleged that, in addition to her shock, she was also "frightened by the activities of the Defendant, Ralph C. Schroeder, and other agents, of the Defendant City of Milwaukee, causing her to sustain severe and permanent personal injuries, consisting of a complete shock to her nervous system, and other injuries incidental thereto, causing her to experience great pain, suffering, mental anguish and grief, which she still suffers and will continue to suffer in the future . . . ." These allegations attempt to state a cause of action for

---

[5] Sec. 895.04 (4) and (5), Stats. 1969.

infliction of emotional distress and at a time within the statute of limitations.[6]

The defendants argue that, since the March 29, 1971, order dismissed all prior complaints and provided for service of the fifth complaint, it effectively nullified all prior complaints, and they cannot be said to have tolled the statute of limitations. This is the same argument made by the defendants in *Wurtzler v. Miller*[7] and rejected by this court in that case. A subsequent dismissal of a complaint for certain defects or by stipulation of the parties does not have the effect of eliminating the tolling of the statute of limitations, which stops running when that summons and complaint are served, even if the complaint is afterwards dismissed.

Our final inquiry as to the second cause of action is addressed to the sufficiency of Lois McKissick's allegations of intentional infliction of emotional distress. The complaint, as finally amended, states as follows:

"That at the time of the wrongful death of her minor son, plaintiff, Lois McKissick, was in the home of the parties and immediately after Clifford was shot, the plaintiff, Lois McKissick, went to his assistance and then to the back door to plead for help from the police officers who were shooting in the direction of the house, that upon information and belief, while at said door, defendant, Ralph C. Schroeder, and other police officers shot at plaintiff, Lois McKissick; whereupon she returned into the house to assist her son; that the police came into the house, refused to aid her in calling for help for her son, made her march into the kitchen with her hands up and questioned her at length in the presence of her dying son without calling for or rendering aid to said son; that as a result of the aforementioned actions of the defendants, plaintiff, Lois McKissick, was caused to sustain severe and permanent personal injuries, consisting of a complete shock to her nervous system, and other injuries

---

[6] Sec. 893.205 (1), Stats.

[7] *Wurtzler v. Miller* (1966), 31 Wis. 2d 310, 143 N. W. 2d 27.

incidental thereto, causing her to experience great pain and suffering, mental anguish and grief, which she still suffers and will continue to suffer in the future, all to her past, present and future damage and detriment . . . ."

In *Alsteen v. Gehl*[8] this court set forth four factors which must be established to recover damages for intentional infliction of emotional distress. These are (1) that the defendant's conduct must be intentional, (2) that it must be extreme and outrageous, (3) that it must be the cause-in-fact of the plaintiff's injury, and (4) that the plaintiff must have suffered an extreme disabling emotional response to the defendant's conduct. There is no question that the third and fourth factors have been sufficiently alleged in this complaint. In regard to the first factor, an intent to cause emotional distress can reasonably be inferred from the allegations regarding outright refusal to allow Mrs. McKissick to call for medical assistance for her dying son, and extensive questioning of her in the presence of her dying son. In regard to the second factor, these allegations are such that it can be said that "the average member of the community [would] regard the defendant's conduct in relation to the plaintiff, as being a complete denial of the plaintiff's dignity as a person."[9]

The recent case of *Slawek v. Stroh*[10] also supports the conclusion that these allegations are sufficient to state a cause of action for intentional infliction of emotional distress. In *Slawek*, a woman had claimed that a man whose child she had borne and who remained romantically interested in her repeatedly telephoned her and her family at all hours of the day and night, and tried to see her in public and private by the use of ruses, stories, and false names. The *Slawek* court concluded that these

[8] (1963), 21 Wis. 2d 349, 124 N. W. 2d 312.
[9] *Id.* at pages 359, 360.
[10] (1974), 62 Wis. 2d 295, 314–316, 215 N. W. 2d 9.

allegations were sufficient to meet the four *Alsteen* criteria and to state a cause of action for intentional infliction of emotional distress. In terms of the first two factors, the conduct alleged in this complaint is at least as intentional and as extreme as that in *Slawek*.

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.