Frank MUSA, Plaintiff-Appellant,†

v.

JEFFERSON COUNTY BANK, Defendant,

James V. BUELOW, Defendant-Respondent,

MILWAUKEE MUTUAL INSURANCE COMPANY, Intervenor.

Court of Appeals

*No. 98–2738. Oral argument December 9, 1999.——Decided January 27, 2000.*

## 2000 WI App 33

(Also reported in 607 N.W.2d 349.)

†Petition to review granted.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Sean N. Duffey* and *Richard H. Schulz* of *Schulz & Duffey, S.C.* of Milwaukee. Oral argument by Sean N. Duffey.

On behalf of the defendant-respondent, the cause was submitted on the briefs and oral argument by *J. Paul Neumeier, Jr.* of *Krek & Associates, S.C.* of Jefferson.

Before Eich, Vergeront and Roggensack, JJ.

¶ 1.   VERGERONT, J.   The dispositive issue on this appeal is whether a plaintiff may recover damages for the costs of mental health treatment on a claim for intentional interference with a prospective contract,

when no other compensatory damages are awarded on that claim. Frank Musa appeals the trial court's order setting aside a jury's award of compensatory and punitive damages on his claim that James Buelow intentionally and without justification interfered with a prospective contract between Musa and Tzelal Aliu. The jury determined that this interference caused Musa damages in the amount of $4,000 for "consequential losses," which, the parties agree, was the cost to Musa of treatment for mental health problems; but the jury did not award any damages against Buelow for "pecuniary loss of benefits of the contract." The jury also found that Buelow's conduct was outrageous, and awarded $50,000 in punitive damages. On Buelow's post-verdict motions, the trial court decided that, as a matter of law, Musa could not recover the $4,000, because consequential damages may not be recovered if there are no pecuniary damages, and, with no compensatory damages awarded against Buelow, Musa could not recover punitive damages against him.[1]

¶ 2.    We affirm, although partially on different grounds. We conclude that Musa may not recover damages for mental health treatment costs from Buelow because the jury did not award substantial other damages against Buelow. We also conclude the damages awarded against Jefferson County Bank, Buelow's employer, on Musa's claim for the Bank's breach of its duty of good faith, may not be considered for this purpose. Finally, we conclude the damages awarded

---

[1] Alternatively, the trial court ruled that the mental health treatment costs were not natural and probable consequences of Buelow's refusal to deal with Aliu. Musa challenges that ruling as well. However, because of our resolution of the trial court's first ground for changing the $4,000 to zero, it is unnecessary to address this alternative ground.

against the Bank may not be considered for purposes of the punitive damage award against Buelow, and Musa therefore may not recover punitive damages from him.

## BACKGROUND

¶ 3.  Musa owned a hotel, the Jefferson House, on which the Bank held the mortgage, and Buelow was the bank officer in charge of the account. After Musa's unsuccessful efforts to sell the hotel, a foreclosure judgment was entered against Musa, and the hotel was scheduled for a sheriff's sale. Musa sued Buelow and the Bank. The claims submitted to the jury were: Buelow intentionally interfered with five potential sales of the property, one of which was to Aliu; the Bank intentionally interfered with those same potential sales; and as to those same potential sales, the Bank breached the duty of good faith implied in its loan contracts with Musa. The special verdict asked separate questions on the elements of each claim, and the damages for each claim, against each defendant for each potential sale.

¶ 4.  The only potential sale at issue on this appeal is that to Aliu. With respect to that sale, the jury found that Musa proved all the elements of the claim against Buelow and the two claims against the Bank, and that the intentional interference by both defendants and the breach of the duty of good faith by the Bank each caused Musa damages. For each intentional interference claim (against Buelow and against the Bank) the questions on damages were: "What sum of money, if any, will fairly and reasonably compensate Frank Musa for his[:] pecuniary loss of benefits of the contract? consequential losses? emotional distress?" On the breach of the duty of good faith claim against the Bank, only the first two items of damages were

listed. The jury was also asked if Buelow's conduct was outrageous and, if so, what sum, if any, should be awarded for punitive damages.

¶ 5.  Against Buelow, the jury awarded $4,000 for consequential losses and $50,000 in punitive damages. Against the Bank for intentional interference, the jury awarded $4,000 for consequential losses, and for breach of the duty of good faith, $385,200 for pecuniary loss of benefits of the contract.[2]

¶ 6.  On post-verdict motions Buelow presented two arguments against the award of $4,000 that concern us on this appeal. First, he argued that under contract law, consequential damages could not be recovered in the absence of other pecuniary damages. The trial court agreed. Then, since no other damages were awarded against Buelow for the Aliu sale, the court changed the jury's answer on punitive damages to zero.[3] The court rejected Musa's argument that the $385,200 award against the Bank for its breach of the duty of good faith should be considered as compensatory damages on the intentional interference claim against Buelow.

¶ 7.  Buelow also argued that, since the $4,000 award was for mental health treatment costs, it was in reality an award for emotional distress, and, according to the instructions given the jury, the jury could not

---

[2] The Bank has not appealed. We therefore do not discuss the Bank's post-verdict motions.

[3] The parties and the trial court referred to these motions as ones to "change the answers" to the verdict questions. We therefore use this term in our opinion, although it appears these motions are more correctly called motions for judgment notwithstanding the verdict. *Compare* WIS. STAT. § 805.14(5)(c) *with* 805.14(5)(b). The proper name of the motions is not important to our analysis.

compensate Musa for emotional distress unless it found he "ha[d] suffered substantial other damages in addition to the damages for emotional distress."[4] The trial court agreed that the $4,000 award was for the costs of mental health treatment, but apparently because it was unnecessary to do so, did not decide whether these were in reality damages for emotional distress.[5]

## DISCUSSION

¶ 8. We address first the question whether the trial court properly changed the award of $4,000 to zero. Because we may affirm a trial court's ruling on a ground other than that relied on by the trial court,

---

[4] The jury was given this instruction on emotional distress:

Frank Musa has presented evidence that he has experienced emotional distress as a result of James Buelow's and/or the Jefferson County Bank's alleged interference with his contractual relationships or prospective contractual relationships. In awarding damages, you may only compensate Frank Musa for emotional distress which was reasonably expected to result from the interference. You must also find that the conduct was extreme and outrageous and a cause of the emotional distress. In addition, you may compensate Frank Musa for emotional distress only if you find that Frank Musa has suffered substantial other damages in addition to the damages for emotional distress. Finally, you may compensate Frank Musa for emotional distress only if you find that his emotional distress is severe. Severe emotional distress is anxiety of such substantial quantity or enduring quality that no reasonable person could be expected to endure it.

[5] In addressing Buelow's post-verdict motion on a claim involving a potential sale to someone other than Aliu, on which the jury had awarded damages in the amount of $25,000 for "emotional distress" but no pecuniary or consequential damages, the court decided that Musa could not recover the damages for emotional distress because the jury had awarded no other damages on that claim.

*Liberty Trucking Co. v. DILHR*, 57 Wis. 2d 331, 342, 204 N.W.2d 457 (1973), we focus on the position of the parties on appeal, rather than the trial court's reasoning.[6] Musa contends the award of $4,000 for mental health treatment costs is not damages for emotional distress and, therefore, there is no bar to Musa's recovery of these damages even though no other damages were awarded him on this claim.[7] In the alternative, he asserts, if there is a requirement that there be substantial other damages in order that he recover for the costs of mental health treatment, the damages awarded against the Bank in the amount of $385,000 satisfy this requirement.

¶ 9. Buelow responds that because the treatment costs are related to emotional distress, we should apply the requirement in *Anderson v. Continental Ins. Co.*, 85

---

[6] We set forth the positions of the parties as articulated at oral argument, which, in some respects, differ from positions presented earlier in the appellate proceeding and before the trial court.

[7] Musa points out that the costs for mental health treatment were incurred as part of Musa's duty to mitigate his damages for emotional distress. The jury was given this instruction on Musa's duty to mitigate damages for emotional distress:

Damages: Duty to Mitigate; Emotional Distress

Similarly, a person who has been injured must use ordinary care to mitigate or lessen any emotional distress damages. This duty to mitigate damages requires an injured person to use ordinary care to seek medical treatment and to submit to and undergo recommended medical treatment within a reasonable time to minimize the damage from the injury.

. . . .

In fixing damages for emotional distress, you should keep in mind this duty of Frank Musa to use ordinary care to mitigate damages. If you find that Frank Musa did not do so, you should not include in your answer to this question any amount for consequences of the injury which could have been avoided.

Wis. 2d 675, 694, 271 N.W.2d 368 (1978)—that damages for emotional distress may not be recovered for an intentional tort (other than the tort of intentional infliction of emotional distress) in the absence of substantial other damages. Musa replies that *Anderson* is inapplicable because it did not address damages for the costs of mental health treatment, only general damages for emotional distress. He also contends that in *Bauer v. Murphy*, 191 Wis. 2d 517, 527–28, 534, 530 N.W.2d 1 (Ct. App. 1995), we equated the substantial other damages required by *Anderson* with "special damages" such as mental health treatment costs.

¶ 10. In *Anderson*, 85 Wis. 2d at 964, the court addressed the recovery of damages for emotional distress for an insurer's bad faith refusal to honor a claim of an insured. After recognizing a cause of action for this intentional tort, the court declined to decide whether damages for emotional distress were allowable under the particular pleadings before it, since that had not been the focus of the appeal. *Id.* However, the court found it appropriate to set forth "[s]ome generalities in respect to damages for mental distress." *Id.* The court first described the three existing categories of actions in which damages for emotional distress were compensable: negligent torts, where mental distress was, at that time, compensable only when there was an accompanying or resulting physical injury;[8] intentional torts, where, the court said, "substantial other damages in addition to damages for emotional distress

---

[8] The supreme court has since held that a plaintiff claiming negligent infliction of emotional distress, regardless of the fact situation in which it arises, need not prove physical manifestation of the emotional distress, although a plaintiff must prove severe emotional distress. *Bowen v. Lumbermens Mut. Cas. Co.*, 183 Wis. 2d 627, 632, 517 N.W.2d 432 (1994).

are required"; and the specific intentional tort of intentional infliction of emotional distress, where no other damages need be proved, but the elements of the tort impose additional limitations.[9] *Anderson*, 85 Wis. 2d at 694–95. The court in *Anderson* decided that the newly recognized tort of an insurer's bad faith fell within the second category, since the insurer's intent to cause emotional harm need not be shown; only knowledge of or reckless disregard of the lack of a reasonable basis for denying or refusing to honor or negotiate an insured's claim need be shown. *Id.* at 695. The court concluded that to recover for emotional distress in a

[9] On a claim for intentional infliction of emotional distress, the plaintiff must prove the purpose of the conduct was to cause emotional distress; the conduct was extreme and outrageous; the conduct was the cause in fact of the injuries; and the plaintiff suffered an extreme disabling emotional response. *Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 694–95, 271 N.W.2d 368 (1978) (citing *Alsteen v. Gehl*, 21 Wis. 2d 349, 359–61, 124 N.W.2d 312 (1963)).

In *Anderson*, the court cited *D.R.W. Corp. v. Cordes*, 65 Wis. 2d 303, 222 N.W.2d 671 (1974), in support of the second category. *D.R.W.* was an action for breach of a lease in which the defendant alleged as a counterclaim that he was fraudulently induced to sign the agreement. The jury awarded $1,200 in compensable damages on the counterclaim, apparently based on evidence of mental suffering, but the trial court reduced this to $5, the amount of the down payment on the lease. The supreme court refused to reinstate the jury award because the four factors necessary for recovery "in an action in tort for damages for emotional distress" were not proved. *Id.* at 309. In support, the court cited the discussion on the tort of intentional infliction of emotional distress in *Alsteen*. We are uncertain, therefore, how *D.R.W.* provides support for a category of torts distinct from the tort of intentional infliction of emotional distress.

cause of action for bad faith against an insurer (in the absence of pleading and proof that there was intentional infliction of emotional distress), "the plaintiff must plead and prove substantial other damages aside and apart from the emotional distress itself and the damages occasioned by the simple breach of the contract." *Id.* at 695–96. The court also imposed the requirement that the emotional distress be severe. *Id.* at 696.

¶ 11. Although *Anderson* did not deal with a claim for intentional interference with a contract, *Bauer* did. In *Bauer*, 191 Wis. 2d at 521, we held the trial court had properly dismissed a claim for intentional interference with a contract—an agreement to share an apartment—on a motion for summary judgment. It was undisputed that the plaintiff had found another roommate and there was no evidence of any pecuniary damages. *Id.* at 534. We rejected the plaintiff's argument that we should not apply *Anderson's* requirement of substantial other damages to the tort of intentional interference with a contract, as the trial court had done in dismissing the claim. *Id.*

¶ 12. In Musa's view, *Bauer* suggests that, had the plaintiff presented evidence of special damages—that is, damages for the costs of mental health treatment—in opposition to the motion for summary judgment, dismissal would have been improper.[10]

---

[10] In *Bauer v. Murphy*, 191 Wis. 2d 517, 530 N.W.2d 1 (Ct. App. 1995), the other claim dismissed on summary judgment, also before us on appeal, was for defamation. We began the opinion by discussing the defamation claim, and the requirement that special damages be pleaded unless the spoken defamatory remark was slander per se, which this remark was not. *Id.* at 525–26. Since no special damages had been pleaded, we rejected Bauer's argument that evidence presented at trial

However, we did not decide that in *Bauer*, since there was no evidence of any damage other than general damages claimed for emotional distress. *Bauer* does indicate that the *Anderson* requirement of substantial other damages applies to a claim of intentional interference with a contract, but it does not shed light on how to interpret and apply that requirement when the only damages proved on such a claim are those for mental health treatment costs.

¶ 13.　For guidance, therefore, we examine more closely the *Anderson* court's reasoning in adopting the "substantial other damages" requirement. The court's discussion of damages for emotional distress was in the context of responding to the fear that recognizing the tort of an insurer's bad faith would lead to excessive damages. *Anderson*, 85 Wis. 2d at 693–94. The requirement of substantial other damages, like the former requirement of physical injury for the claim of negligent infliction of emotional distress[11] and the four, strictly defined elements of the claim of intentional infliction of emotional distress, are all means of limit-

---

on other claims that were not dismissed—evidence that she had incurred treatment expenses for severe clinical depression caused by the defendant's conduct—cured that pleading deficiency. *Id.* at 527–29. The case we relied on in discussing these requirements for slander, *Martin v. Outboard Marine Corp.*, 15 Wis. 2d 452, 459, 113 N.W.2d 135 (1962), used the phrase "actual damage of a pecuniary nature, called special damages." We therefore used the phrase "pecuniary or 'special' damages" in our discussion on the defamation claim, *Bauer*, 191 Wis. 2d at 524, and carried it over to our discussion on the claim for intentional interference. *Id.* at 534–35. This may cause some confusion, because it does not precisely match the terminology used in *Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 694–95, 271 N.W.2d 368 (1978).

[11] *See* footnote 8.

ing damages for emotional distress to those cases where it is most likely that the plaintiff in fact suffered emotional distress that was caused by the defendant's conduct. They are attempts to guarantee the authenticity of the plaintiff's claim, arising out of the recognition of the difficulty of proving subjective psychological experience, the concern that psychological injuries are easy to feign, and the fear that suits might be brought for "trivial emotional distress more dependent on the peculiar emotional sensitivities of the plaintiff than upon the nature of the tortfeasor's conduct." *See Bowen v. Lumbermens Mut. Cas. Co.*, 183 Wis. 2d 627, 639, 517 N.W.2d 432 (1994).

¶ 14.   Musa recognizes these concerns, but, he responds, they do not arise with damages for mental health treatment costs because the amount and existence of such damages are easily proved and evaluated and not easily feigned. While we agree there is a significant distinction between proof of treatment bills and proof of suffering severe emotional distress, we are not persuaded that the *Anderson* court's reasoning applies only to the latter. In order to recover for the costs of mental health treatment on a claim for intentional interference with a contract, the plaintiff would have to prove that those costs were caused by the interference. Presumably, this would require proof that the interference caused severe emotional distress, which caused the plaintiff to seek treatment. Therefore, the jury must still evaluate the proof on the causation, existence and severity of emotional distress in order to award damages for the treatment costs. The grounds for concern the *Anderson* court had about the reliability of damage awards for emotional distress would therefore still exist if the jury were permitted to award

damages for treatment costs without general damages for emotional distress.

¶ 15. We are convinced that the *Anderson* requirement of substantial other damages must logically be applied both to general damages for emotional distress and to damages for costs of mental health treatment. We acknowledge that this may be inconsistent with the formulation of damages for the tort of intentional interference with a contract or prospective contractual relationship in the RESTATEMENT (SECOND) OF TORTS § 774A(1). That provides:

> One who is liable to another for interference with a contract or prospective contractual relation is liable for damages for
> (a) the pecuniary loss of the benefits of the contract or the prospective relation;
> (b) consequential losses for which the interference is a legal cause; and
> (c) emotional distress or actual harm to reputation, if they are reasonably to be expected to result from the interference.

However, although we have adopted the RESTATEMENT (SECOND) OF TORTS § 766 relating to the elements of the tort of intentional interference with performance of contract by third person, *see Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp*, 90 Wis. 2d 97, 105–06, 279 N.W.2d 493 (Ct. App. 1979), and have referred to RESTATEMENT (SECOND) OF TORTS § 774A in passing in *Wolf v. F&M Banks*, 193 Wis. 2d 439, 458 n.9, 534 N.W.2d 877 (Ct. App. 1995), no published Wisconsin decision has adopted § 774A.[12] Because we are bound

---

[12] This section of the Restatement is repeated in the comment to the Wisconsin jury instruction on this tort:

by *Bauer* and *Anderson, see Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997), we conclude we must apply the "substantial other damages" requirement from *Anderson* without regard to § 774A.

¶ 16.   Having decided that Musa may not recover damages for mental health treatment costs on his claim against Buelow unless he proves substantial other damages, we now consider whether he has met this requirement. Musa contends that, if there is such a requirement and if the damages awarded for the mental health treatment costs do not fulfill it, then the damages of $385,000 awarded against the Bank do. Buelow disputes this on two independent grounds: first, those damages were awarded against the Bank, not against Buelow; and second, the "substantial other damages" requirement of *Anderson* means, in the context of this tort, damages other than the pecuniary loss of the benefits of the contract. We need not decide the merits of Buelow's second argument, because we agree with him on the first.

¶ 17.   Musa acknowledges that the verdict questions treated each of the three claims for each lost sale separately and made separate inquiries for the damages for each claim, but, he argues, in reality each sale could be lost only once. According to Musa, the instruction to the jury that it should not "duplicate" damages (WIS JI—CIVIL 1700) recognized this, and permits the

---

Assuming a causal relationship between the defendant's actions and plaintiff's losses, damages may include: (a) pecuniary loss of benefits of the contract, (b) causally related consequential losses, and (c) emotional distress which is reasonably expected to so result from the interference. RESTATEMENT (SECOND) OF TORTS § 774A.

Comment to WIS JI—CIVIL 2780. However a jury instruction is not binding on the court. *See State v. Schambow*, 176 Wis. 2d 286, 299, 500 N.W.2d 362 (Ct. App. 1993).

court to treat the pecuniary damages awarded for any one of the three claims concerning the prospective Aliu sale as damages for either of the other two, regardless of which defendant the damages were awarded.

¶ 18.   We agree with the reasoning of the trial court in rejecting this argument. Musa agreed to verdict questions that separately addressed pecuniary damages and consequential damages for each claim against each defendant for each prospective sale. There were no questions asked, or instructions given, that would permit the trial court, or this court, to consider the damages awarded against the Bank for the breach of its duty of good faith implied in the loan contracts with Musa as damages on the claim against Buelow for intentional interference with the prospective sale. The general instruction not to duplicate damages does not permit consideration of all the damages awarded against the Bank with respect to one lost sale, as damages against Buelow for that same lost sale. It may be that verdict questions or instructions could have been presented to the jury that would yield the result Musa now seeks. However, we agree with the trial court that, based on the questions asked and the instructions given, we must treat each claim separately. We therefore conclude that the $385,000 awarded against the Bank on the claim of breach of the duty of good faith may not be considered as the substantial other damages required in order for Musa to recover for the costs of mental health treatment from Buelow. Since no other damages were awarded against Buelow, we conclude the trial court correctly changed the $4,000 to zero.

¶ 19. For the same reasons, we conclude the $385,000 awarded against the Bank may not be considered as the compensatory damages necessary for an award of punitive damages against Buelow. *See Tucker v. Marcus*, 142 Wis. 2d 425, 431, 418 N.W.2d 818 (1988) (punitive damages may not be awarded in absence of compensatory damages). In the absence of any compensatory damages against Buelow with respect to the Aliu sale, the trial court correctly changed the jury's award of punitive damages on the claim against Buelow to zero.

*By the Court.*—Judgment and order affirmed.