Frank MUSA, Plaintiff-Appellant-Petitioner,

v.

JEFFERSON COUNTY BANK, Defendant,

James V. BUELOW, Defendant-Respondent,

MILWAUKEE MUTUAL INSURANCE COMPANY, Intervenor.

Supreme Court

*No. 98–2738. Oral argument October 31, 2000.—Decided January 17, 2001.*

2001 WI 2

(Also reported in 620 N.W.2d 797.)

For the plaintiff-appellant-petitioner there were briefs by *Sean N. Duffey, Richard H. Schulz* and *Schulz & Duffey, S.C.*, Milwaukee, and oral argument by *Sean N. Duffey*.

For the defendant-respondent there was a brief by *J. Paul Neumeier, Jr., Raymond E. Krek* and *Krek & Associates, S.C.*, Jefferson, and oral argument by *J. Paul Neumeier, Jr.*

¶ 1. ANN WALSH BRADLEY, J. The petitioner, Frank Musa (Musa), seeks review of a published decision of the court of appeals affirming the circuit court's order to set aside a jury's award of damages against the respondent, James V. Buelow (Buelow).[1] The jury awarded Musa $4,000 in compensatory damages for mental health treatment expenses and $50,000 in punitive damages.

---

[1] *Musa v. Jefferson County Bank*, 2000 WI App 33, 233 Wis. 2d 241, 607 N.W.2d 349 (affirming the order and judgment of the Circuit Court for Jefferson County, James R. Kieffer, Judge).

¶ 2. Musa asserts that the court of appeals improperly extended the substantial other damages requirement of *Anderson v. Continental Insurance Co.*, 85 Wis. 2d 675, 271 N.W.2d 368 (1978), to recovery of mental health care expenses in an action for intentional interference with a contractual relationship. Buelow advances that even if the court of appeals erred by such an extension, the circuit court's decision must be upheld because the jury's award of special damages is not supported by an award of general damages and because the mental health treatment expenses are subject to a requirement of foreseeability. We decline here to extend the substantial other damages requirement and we reject Buelow's arguments requiring general damages and foreseeability. Accordingly, we reverse the court of appeals and remand to the circuit court.

¶ 3. This case presents us with questions of law regarding a jury's award of compensatory and punitive damages. The relevant facts are undisputed. Musa formerly owned the Jefferson House hotel in Jefferson, Wisconsin. He mortgaged the property through the Jefferson County Bank (bank), which had the right to approve any sale under the mortgage. Buelow was the bank officer responsible for Musa's account.

¶ 4. In the early 1980s, Musa attempted to sell the hotel. In the process he engaged in discussions and negotiations with numerous prospective buyers, including Tzelal Aliu. No sale was completed, and Musa eventually lost the Jefferson House to the bank through foreclosure.

¶ 5. In 1989 Musa sued Buelow and the bank, alleging numerous causes of action. Through motions to dismiss, summary judgment, appeal, and remand, Musa's case was winnowed to the theories of liability that were tried to the jury. Musa proceeded to trial on

the claims that both the bank and Buelow, personally, were liable for intentional interference with the contractual relationship between Musa and several potential buyers, including Aliu,[2] and that the bank had breached its duty of good faith. Because the factual basis of Musa's claims is not relevant to this opinion, it suffices to say that at trial Musa presented evidence sufficient to convince the jury of both Buelow's and the bank's liability.

¶ 6.  This appeal concerns only the damages awarded by the jury on the claim that Buelow tortiously interfered with Musa's contractual relationship with Aliu. As damages for Buelow's tortious interference, the jury awarded Musa $4,000 in compensatory damages for mental health treatment expenses and $50,000 in punitive damages. In answering the special verdict, the jury did not award Musa any damages for his pecuniary loss of benefits on the contract or for his emotional distress.

¶ 7.  On the claim that the bank breached its duty of good faith, the jury assessed $385,200 for Musa's pecuniary loss of benefit on the Aliu contract. However, the bank is not a party to this appeal. Neither the

---

[2] Wisconsin courts recognize a cause of action for intentional interference with a contractual relationship and intentional interference with a prospective contractual relationship. *Cudd v. Crownhart*, 122 Wis. 2d 656, 658–59, 364 N.W.2d 158 (Ct. App. 1985); *see also* Wis JI—Civil 2780. In this case, the special verdict asked the jury whether Musa had either a contract or a prospective contract with each of the prospective buyers. The jury was not required to specify which it found. For simplicity's sake, throughout the opinion we will simply refer to Musa's cause of action as one for intentional interference with a contractual relationship.

claims against it nor the damages for which it is liable are at issue.

¶ 8. Upon Buelow's post-verdict motion, the circuit court set aside the damages assessed against Buelow on the Aliu claim. The court offered two justifications for vacating the $4,000 compensatory damage award. First, the court applied the foreseeability requirement for consequential damages arising from a breach of contract and concluded that the mental health care expenses were not foreseeable. Second, the court stated that it could not find authority for awarding consequential damages in the absence of damages for a pecuniary loss of benefits on the Aliu contract. Having set aside the compensatory award, the court concluded that the punitive damages must likewise be set aside.

¶ 9. Musa appealed and the court of appeals affirmed. Initially the court of appeals affirmed on the grounds that the mental health treatment expenses were not foreseeable. However, the court withdrew that opinion and affirmed on alternative grounds.

¶ 10. In its published opinion, the court of appeals concluded that the compensatory damage award failed because the "substantial other damages" requirement of *Anderson v. Continental Insurance Co.*, 85 Wis. 2d 675, 271 N.W.2d 368 (1978), for recovery of emotional distress damages in the intentional tort context applies with equal force to damages for mental health care treatment expenses. The court extended the *Anderson* requirement because it concluded that a plaintiff must necessarily establish "severe emotional distress" in order to recover mental health treatment costs. Thus, the court reasoned, the award implicates the same policy concerns underlying the *Anderson* substantial other damages requirement.

¶ 11. Because the jury awarded Musa no other compensatory damages with regard to Buelow, the court of appeals concluded that the *Anderson* requirement was not met. The court's decision to vacate the $4,000 award left Musa with no compensatory damage award against Buelow, and thus the punitive damages were invalid.[3]

¶ 12. Musa asserts that the court of appeals improperly extended the substantial other damages requirement of *Anderson* to recovery of mental health care expenses. In response, Buelow argues that the substantial other damages requirement is applicable and also asks us to uphold the decision to set aside the compensatory damage award on two other grounds. First, he argues that the mental health treatment expenses, as special damages, are not recoverable in the absence of an award of general damages. Second, he argues that the court should employ a foreseeability requirement found in the Restatement (Second) of Torts § 774A to the mental health care treatment expenses. The fate of the punitive damage award hinges on the validity of the compensatory damage award.

¶ 13. Each of the issues raised by the parties presents us with a question of law. We review such questions independently of the determinations rendered by the circuit court and the court of appeals. *Miller v. Thomack*, 210 Wis. 2d 650, 658, 563 N.W.2d 891 (1997).

---

[3] The court also rejected Musa's argument that certain damages awarded to him vis-à-vis the bank should be used to support the damages awarded against Buelow. Musa has raised this argument before this court as well. However, because we reverse on different grounds, we need not decide the issue.

¶ 14. The first question we address is whether recovery of damages for mental health care treatment expenses under a theory of intentional interference with contract is subject to a requirement of substantial other damages. We conclude that recovery of these expenses is not contingent upon recovery of such other damages.

¶ 15. In *Anderson v. Continental Insurance Co.*, this court explained that for an insured to recover emotional distress damages in a bad faith action against an insurer, the plaintiff must "plead and prove substantial damages aside and apart from the emotional distress itself and the damages occasioned by the simple breach of contract." 85 Wis. 2d at 695–96. While the focus of *Anderson* was on the bad faith cause of action, the court also stated that for intentional torts, in general, recovery of emotional distress requires "substantial other damages in addition to damages for emotional distress." *Id.* at 694.

¶ 16. In *Bauer v. Murphy*, the court of appeals applied the substantial other damages requirement to an action for intentional interference with a contractual relationship. 191 Wis. 2d 517, 534–35, 530 N.W.2d 1 (Ct. App. 1995). Thus, pursuant to *Bauer*, an award of emotional distress damages in a tortious interference case will not survive in the absence of substantial other damages.

¶ 17. In the case at hand, however, the jury did not award Musa emotional distress damages. It awarded him damages for mental health treatment expenses. Musa argues that this distinction renders the rule of *Anderson* inapplicable. Buelow, echoing the court of appeals' reasoning, argues that the policy reasons underlying the *Anderson* substantial other

damages requirement apply equally to mental health treatment expenses and emotional distress damages. We agree with Musa and refuse to extend the substantial other damages requirement to the recovery of mental health care treatment costs.

¶ 18.   Requiring substantial other damages as a prerequisite to the recovery of mental health treatment expenses would require us to treat such expenses as a class apart from other medical, hospital, and related expenses. While we have never specifically held that recovery of mental health treatment costs is subject to the same standards as recovery of other health care expenses, Wisconsin courts have never treated mental health treatment expenses differently than other health care costs.[4]

¶ 19.   In order to recover mental health care expenses, or any health care expenses for that matter, a plaintiff must bring forth evidence that the charges were reasonably and necessarily incurred for treatment of injuries or conditions arising from the

---

[4] One authoritative text on Wisconsin's law of damages explains the scope of recoverable medical, hospital, and related expenses:

> Recoverable items of damages include charges by medical doctors, osteopaths, chiropractors, *psychologists*, *psychiatrists*, and consultants whose services are requested by treating physicians. Recoverable items further include charges for hospitalization, nursing care, diagnostic tests, *medications*, *therapy*, medical appliances, domestic help, and transportation to and from health care providers.

Russell M. Ware, ed., *The Law of Damages in Wisconsin* § 9.5 (2d ed. 1994–95) (emphasis added). Nothing in this text suggests that recovery of mental health treatment costs in a tort action is or should be treated any differently than recovery of other health care costs.

occurrence which is the subject of the action. *See Lautenschlager v. Hamburg*, 41 Wis. 2d 623, 630, 165 N.W.2d 129 (1969); *see also* Wis JI—Civil 1756. Thus, while Buelow contends that there is a "qualitative difference" between mental health treatment and other forms of medical care, we find no legally significant differences in the context of recovery of medical expenses.

¶ 20. Moreover, mental health treatment expenses do not implicate the policy concerns that have caused courts to exercise reserve in the context of emotional distress damages and which justify the substantial other damages requirement. The difficulty in establishing the authenticity of a claim of emotional distress and the fear of unlimited liability on the part of the tortfeasor have historically led courts to place impediments in the way of a plaintiff's access to emotional distress damages. *Bowen v. Lumbermens Mut. Cas. Co.*, 183 Wis. 2d 627, 639, 655, 517 N.W.2d 432 (1994).

¶ 21. We have no reason to believe that the authenticity of mental health treatment expenses poses a problem given the likely existence of documentation of those expenses. Likewise, we note that a tortfeasor's liability for mental health treatment expenses is not without limits. Such expenses are submitted in a specific dollar amount and must be established to be both reasonable in amount and necessary.

¶ 22. While the court of appeals concluded that the policy concerns underlying the substantial other damages requirement were implicated in this case, it did so only because it misconstrued what is needed to prove mental health treatment costs in an action for

tortious interference with contract. The court injected a requirement that the plaintiff establish "severe emotional distress" into the tried and true formula for recovery of medical expenses.

¶ 23. While severe emotional distress is required to recover emotional distress damages in some contexts, *e.g., Anderson*, 85 Wis. 2d at 696, no Wisconsin court has ever held that emotional distress is a prerequisite to recovery of mental health care expenses. Indeed, requiring proof of emotional distress to recover mental health care treatment costs would be akin to requiring a plaintiff to prove pain and suffering in order to recover other medical expenses to treat a physical injury. However, we long ago rejected the notion that the law required such proof. *Dickman v. Schaeffer*, 10 Wis. 2d 610, 616, 103 N.W.2d 922 (1960).

¶ 24. Additionally, the parties engage in an ancillary debate over whether an award of mental health care costs might itself constitute substantial other damages supporting an award of emotional distress damages. Buelow argues that if an award of mental health care expenses can itself constitute substantial other damages, fraudulent claims of emotional distress damages will become more common. He argues that in the absence of a substantial other damages requirement for those costs, fraudulent plaintiffs will pursue intentional tort actions in which the only damages are mental health care expenses and emotional distress damages.

¶ 25. However, no Wisconsin case has held that mental health treatment expenses can satisfy the substantial other damages requirement. Indeed, the phrase "substantial other damages" has remained

largely undefined and the few attempts to define the term have led to inconsistent results. *See, e.g., Bauer,* 191 Wis. 2d at 535 ("special damages"); *Estate of Plautz v. Time Ins. Co.*, 189 Wis. 2d 136, 159, 525 N.W.2d 342 (Ct. App. 1994) ("something more than 'nominal damages' ").

¶ 26.   Thus, the premise remains unproven, and because defining the scope of the substantial other damages requirement would require us to travel far afield from the determinative issues of this appeal, we leave the question for another day. Rather than altering the principles underlying recovery of medical expenses to address Buelow's hypothetical concerns, we will wait for a case in which emotional distress damages are actually awarded to address those concerns.

¶ 27.   In sum, we disagree with the court of appeals' conclusion that recovery of mental health treatment expenses in an action for intentional interference with a contractual relationship requires an award of substantial other damages. Having so concluded, we next turn to Buelow's alternative challenges to the award of compensatory damages.

¶ 28.   Buelow argues that the award of mental health treatment costs is invalid because it violates the "general rule" that "a verdict for special damages without an allowance for general damages is improper." 22 Am. Jur. 2d *Damages* § 42 (1988). Although the terms are rather common in the parlance of attorneys, in recent decades this court has not placed much importance on the generic labels "general" and "special" damages.[5] However, to address Buelow's argument, we will apply those terms to the present context.

---

[5] In recent years the distinction has been discussed in a line of cases concerning victim restitution under Wis. Stat. § 973.20.

¶ 29. The classification of compensatory dam-
ages as either general or special damages is specific to
the cause of action being discussed. General damages
are broadly defined as

> those losses which naturally, or necessarily, result
> from the defendant's wrongful conduct and the type
> of injury the plaintiff sustained. . . .Stated other-
> wise, general damages are those damages which
> usually accompany the kind of wrongdoing alleged
> in the complaint. . . .

1 Jerome H. Nates, et al., *Damages in Tort Actions*
§ 3.01[3][a] (2000). In a personal injury action, for
example, this would describe pain and suffering. In the
tortious interference with contract context, this most
accurately describes the pecuniary loss of the benefits
of the contract or prospective contract. The jury
awarded Musa no such damages.

¶ 30. However, the jury did award Musa special
damages. Such damages are generally defined as those
that are the

> natural, but not the necessary result of an alleged
> wrong. . . . Special damages are those damages, the

*E.g., State v. Holmgren*, 229 Wis. 2d 358, 365, 599 N.W.2d 876
(Ct. App. 1999).

In one such case, the court of appeals explained the rather
limited significance of the distinction in the tort context:

> In tort law. . .concepts of general and special damages have mean-
> ing primarily at the pleading stage of the action, where the
> question usually is one of "fair notice from the pleadings." As a
> result, the discussions in cases and texts generally focus on the
> need for specific allegations of injury in the complaint. 2 Harper &
> James, *The Law of Torts* sec. 25.5, at 1309 (1956).

*State v. Stowers*, 177 Wis. 2d 798, 804, 503 N.W.2d 8 (Ct. App.
1993).

amount and nature of which are peculiar to each
individual plaintiff. . . .Among the items often clas-
sified as special damages are: the cost of medical
care, the amount of lost wages or impairment of
earning capacity. . . .

*Id.* Thus, Buelow correctly characterizes the mental
health care bills for which the jury awarded Musa
$4,000 as special damages. *See also State v. Stowers*,
177 Wis. 2d 798, 805, 503 N.W.2d 8 (Ct. App. 1993).

¶ 31.   While some authorities may consider it a
general rule that general damages are a prerequisite to
an award of special damages, this is not the law of
Wisconsin and has not been for some time. In *Dickman*,
10 Wis. 2d at 616, this court upheld a jury verdict in a
personal injury action awarding both medical expenses
and lost wages without an award for pain and suffer-
ing. Likewise, in *Jahnke v. Smith*, 56 Wis. 2d 642, 653,
203 N.W.2d 67 (1973), this court upheld a similar ver-
dict awarding medical expenses without an award for
pain and suffering. *See also Staehler v. Beuthin*, 206
Wis. 2d 610, 623, 557 N.W.2d 487 (Ct. App. 1996) (con-
cluding that verdict awarding damages for medical
expenses, but not for pain and suffering, was neither
inconsistent nor perverse). Although we did not use the
nomenclature of "general" or "special" damages, we
rejected in each of these cases a challenge to a verdict
awarding special damages, namely medical expenses
and lost wages, in the absence of general damages, *i.e.*,
pain and suffering.

¶ 32.   Our precedent thus clearly allows for the
award of special damages in the absence of general
damages. Accordingly, we find no reason to uphold the
circuit court's decision to vacate the award of compen-
satory damages on this basis.

¶ 33.   Buelow's other challenge to the compensatory damage award is that the award of mental health treatment expenses is subject to a foreseeability requirement, which cannot be satisfied in this case. Buelow directs us to the Restatement (Second) of Torts § 774A, which imposes a foreseeability requirement on damages for "emotional distress or actual harm to reputation."[6] For the same reasons that he offers in support of the substantial other damages requirement, he argues that we should apply principles of emotional distress damages to mental health treatment costs.

¶ 34.   As we explained above, however, we refuse to treat the requirements for emotional distress damages as necessarily applicable to mental health treatment expenses. Therefore, even if we were to adopt and follow lockstep the Restatement section, we would reject the notion that the foreseeability provision is necessarily applicable to mental health treatment expenses. Accordingly, we do not subject the award of mental health treatment expenses to a fore-

---

[6] Restatement (Second) of Torts § 774A states, in pertinent part:

(1)   One who is liable to another for interference with a contract or prospective contractual relation is liable for damages for

(a)   the pecuniary loss of the benefits of the contract or the prospective relation;

(b)   consequential damages for which the interference is a legal cause; and

(c)   emotional distress or actual harm to reputation, if they are reasonably to be expected to result from the interference.

Restatement (Second) of Torts § 774A (1979).

seeability requirement grounded in the authority offered by Buelow.[7]

█

¶ 35.    We next turn to the matter of punitive damages. Our determination with respect to the compensatory damage dictates our punitive damage determination. Punitive damages cannot be awarded in the absence of other damages. *Tucker v. Marcus*, 142 Wis. 2d 425, 442–46, 418 N.W.2d 818 (1988). The circuit court and the court of appeals determined that the perceived failings of the compensatory damage award doomed the award of punitive damages, and Buelow suggests no other basis for the invalidity of the punitive damages. Because we have determined that the jury's award of compensatory damages is valid, the punitive damage award's sole deficiency has been cured. We therefore conclude that the $50,000 punitive damage award assessed by the jury must be reinstated.

¶ 36.    Finally, we note that the dissent arrives at the wrong answer because it responds to the wrong question. We reiterate that the jury did not award Musa damages for emotional distress. It awarded him damages in this tort action for mental health care expenses. Yet the dissent frames the question and ana-

---

[7] Buelow has cited only the Restatement provision in support of his argument that a foreseeability requirement applies to the award of damages for mental health treatment expenses. We recognize that there is a line of argument suggesting that a foreseeability requirement grounded in contract law applies to all consequential damages for which recovery is sought in an intentional interference with a contract claim. Indeed, this was the basis for the circuit court's decision and the court of appeals' withdrawn opinion. However, Buelow neither briefed nor argued the issue of foreseeability in such a manner, and therefore we do not address that line of reasoning.

lyzes this case as though it were a claim for emotional distress.

¶ 37. No Wisconsin court has held that an award of mental health care expenses is the same as damages for emotional distress. Indeed, no Wisconsin court has ever held that recovery of damages for emotional distress is a prerequisite to recovery of mental health care expenses, and we decline to do so today.

¶ 38. In conclusion, we do not extend the substantial other damages requirement of *Anderson* to recovery of mental health treatment expenses in an action for intentional interference with a contract. We also reject the contentions that such an award is invalid in the absence of an award of general damages or that the Restatement (Second) of Torts § 774A necessitates that the mental health treatment expenses be foreseeable. The $4,000 compensatory damage award is valid, and as such there is no basis for striking the $50,000 punitive damage award. Accordingly, we reverse the court of appeals and remand the cause for entry of judgment in accordance with this decision.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court.

¶ 39. DIANE S. SYKES, J. *(dissenting)*. I respectfully dissent. The majority opinion broadly authorizes recovery of mental health treatment expenses in a claim for tortious interference with contract. It does so in a case in which no damages for mental distress were proven, and, indeed, no other compensatory damages of any kind were awarded against the defendant. This is contrary to the law governing recovery of emotional

343

distress damages in the intentional tort context, as outlined in *Anderson v. Continental Insurance Co.*, 85 Wis. 2d 675, 271 N.W.2d 368 (1978).

¶ 40. The jury in this case found that defendant Buelow tortiously interfered with plaintiff Musa's prospective contract regarding the sale of a hotel. The jury did not, however, award any pecuniary (loss of contract benefits) or emotional distress damages against Buelow. Instead, it awarded an amount corresponding to Musa's mental health treatment expenses—$4,000—as consequential damages, plus $50,000 in punitive damages. The circuit court set aside the mental health treatment damages as unforeseeable and unsupported by any pecuniary damages. The circuit court then eliminated the punitive damages award since there were no longer any compensatory damages to support it. The court of appeals affirmed based upon *Anderson*.

¶ 41. In *Anderson*, this court recognized the tort of bad faith refusal to honor an insurance claim. In doing so, the court acknowledged the risks associated with the creation of a tort in the contract context, in particular, the danger of expanding the categories of allowable damages, since tort law is more liberal than contract as far as the types of recoverable damages are concerned. As a result, the court took pains to specify the rules of limitation applicable to recovery of damages for emotional injury in tort:

> It is apparent. . .that another aspect of the *in terrorem* nature of an action for bad faith arises because it is an intentional tort. Intentional torts may in some circumstances result in not only compensatory damages, but also punitive damages and damages for emotional injury. . . .

344

Some generalities in respect to damages for mental distress. . .are. . .[therefore] appropriate.

In negligent torts, mental distress is compensable only when there is an accompanying or resulting physical injury. *Ver Hagen v. Gibbons*, 47 Wis. 2d 220, 177 N.W.2d 83 (1970). *In intentional torts, substantial other damages in addition to damages for emotional distress are required. D.R.W. Corp. v. Cordes*, 65 Wis. 2d 303, 222 N.W.2d 671 (1974). Where the tort is specifically that of the intentional infliction of emotional distress, no other damages need be alleged or proved. However, additional limitations are imposed on a cause of action for the intentional infliction of emotional distress. A plaintiff must prove that the purpose of the conduct was to cause emotional distress, that the conduct was extreme and outrageous, that it was the cause in fact of the plaintiff's injury, and that the plaintiff suffered an extreme disabling emotional response. *McKissick v. Schroeder*, 70 Wis. 2d 825, 832, 235 N.W.2d 686 (1975); *Alsteen v. Gehl*, 21 Wis. 2d 349, 124 N.W.2d 312 (1963).

. . . .

[T]he tort of bad faith falls within the second category described above, where substantial other damages in addition to the emotional distress are required if there is to be recovery for damages resulting from the infliction of emotional distress. In the bad faith cause of action against an insurance company, we therefore conclude that to recover for emotional distress. . .*the plaintiff must plead and prove substantial damages aside and apart from the emotional distress itself and the damages occasioned by the simple breach of contract.*

. . . .

We [further] conclude. . . .consistent with. . .*McKissick* and *Alsteen, supra*, that in no

345

circumstances may a plaintiff recover for emotional distress, even when there are other accompanying damages, unless the emotional distress is severe. *A recovery for emotional distress caused by an insurer's bad faith refusal to pay an insured's claim should be allowed only when the distress is severe and substantial other damage is suffered apart from the loss of the contract benefits and the emotional distress.*

*Anderson*, 85 Wis. 2d at 694–96 (emphasis supplied).

¶ 42. I have quoted at some length from the *Anderson* opinion because I think the majority has strayed far from the rules it established for recovery of damages for emotional injury in an intentional tort claim. The substantial other damages requirement, and the requirement that the emotional injury be severe in order to be recoverable, exist to preclude recovery for insignificant, questionable, or feigned emotional injuries associated with intentional torts that otherwise have nothing to do with emotional distress or injury. Where the tort arises in the contract setting, the substantial other damages requirement is also a necessary bulwark against the wholesale erosion of the border between contract and tort law remedies.

¶ 43. The majority acknowledges that *Anderson*'s substantial other damages rule was extended to tortious interference with contract claims in *Bauer v. Murphy*, 191 Wis. 2d 517, 534–35, 530 N.W.2d 1 (Ct. App. 1995). The majority does not overrule *Anderson* or *Bauer*, or otherwise circumscribe their application. Rather, the majority simply treats the mental health expenses award in this case as a routine medical and hospital special damages award, as if this were a garden-variety personal injury case instead of a tortious interference with contract claim. In other words, the

majority characterizes the $4,000 mental health treatment award against Buelow as something somehow unconnected to an award for emotional injury. This characterization takes the award outside the confines of *Anderson* and *Bauer* altogether, thus avoiding the requirement of substantial other damages to support it.

¶ 44.   This cuts the heart out of the substantial other damages requirement, clearing the way for the sorts of questionable emotional injury claims in intentional tort lawsuits that *Anderson* specifically sought to avoid. The majority states that "no Wisconsin court has ever held that emotional distress is a prerequisite to recovery of mental health care expenses." Majority op. at ¶ 23. Perhaps this is because the premise seems fairly self-evident. How can mental health treatment expenses be legally recoverable if there is no compensable mental distress in the first place? This is not comparable to recovery of medical and hospital expenses in the absence of an award for pain and suffering in a personal injury action, for the simple reason that this is *not* a personal injury action. This is an economic tort, and the law specifies some limits on the recovery of damages for emotional injuries in this context.

¶ 45.   The important prerequisite here is that set forth in *Anderson*: before any damages for emotional injury can be recovered in an intentional tort that does not have the infliction of emotional distress as its gravamen, there must be substantial other damage, proof of some significant harm stemming from the tort that is separate and apart from any claimed emotional injury. If there is such harm, then the law will recognize a collateral, causal emotional injury, assuming it is severe, as legitimate and compensable. If there is not,

then the law will not allow recovery of damages related to emotional distress, on the theory that if the tortious conduct has caused no (or insubstantial) damage, then any emotional reaction to it does not deserve to be compensated.

¶ 46. And clearly, any expense incurred to treat emotional distress cannot *itself* satisfy the substantial other damages requirement. *Anderson* requires that the substantial other damages must be separate and apart from any damages attributable to emotional distress.

¶ 47. The court of appeals' decision in this case was not so much an extension of *Anderson* as a straightforward application of its principles. I agree with its analysis. The $4,000 consequential damages award against Buelow was properly set aside as unsupported by substantial other damages. This leaves the punitive damages award unanchored to any compensatory damages, and it too was properly set aside. *See Tucker v. Marcus*, 142 Wis. 2d 425, 431, 418 N.W.2d 818 (1988).[1] Accordingly, I would affirm the court of appeals.

¶ 48. I am authorized to state that Justice JON P. WILCOX joins this dissenting opinion.

---

[1] Musa argues in the alternative that the pecuniary damages award against Jefferson County Bank, Buelow's employer, should be sufficient to sustain the punitive damages award against Buelow. There is no authority for permitting a compensatory damages award against one defendant to support a punitive damages award against another.