Rosina BISHOP, Bella Press, Mary E. Bowen and Lelia R. Lynch, Plaintiffs-Respondents,

v.

BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN, Defendant-Third Party Plaintiff-Appellant,

OFFICE OF COMMISSIONER OF INSURANCE, State of Wisconsin and Robert Hasse, Commissioner of Insurance, Third Party Defendant.

Court of Appeals

*No. 87–1399. Submitted on briefs March 23, 1988.—Decided May 26, 1988.*

(Also reported in 426 N.W.2d 114.)

For the defendant-third party plaintiff-appellant the cause was submitted on the briefs of *David J. Hanson, Carol Skornicka,* and *Barbara J. Nichols,* and *Michael, Best & Friedrich,* of Madison.

For the plaintiffs-respondents the cause was submitted on the brief of *Kathryn M. Collins, Betsy Abramson,* and *Jeffrey Spitzer-Resnick* and *Tomlinson, Gillman & Travers, S.C.,* of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. Blue Cross & Blue Shield United of Wisconsin, the defendant in this action, appeals from an order denying its motion for attorney fees and costs following the plaintiffs' voluntary dismissal of the lawsuit. The issue is whether the trial court applied an erroneous legal standard in its decision to deny the fees and costs. We conclude that the court employed the wrong rule when it used the standard applicable to dismissals without prejudice in a case where the dismissal was with prejudice. Because, however, application of the correct, more strict, rule would require denial of the motion as a matter of law, we affirm the order.

Bishop and the other named plaintiffs initiated this class action seeking declaratory and injunctive relief based on their claim that changes in Blue Cross's home health care insurance benefits violated sec. 632.895, Stats., which requires home health care coverage in disability insurance plans.

Following a hearing, the trial court concluded that the issues raised were not ripe for disposition and denied Bishop's request for injunctive relief. The court reached this conclusion based on testimony that none of the plaintiffs' home health care claims had yet been denied by Blue Cross and that the Commissioner of

Insurance was, at that time, considering implementation of new home health care regulations.

Approximately seven months after filing the action, Bishop moved for summary judgment, claiming that Blue Cross should be estopped from making the proposed policy changes. Shortly thereafter, the new home health care regulations were adopted and Blue Cross and the Commissioner stipulated to a consent decree with respect to their implementation. A few weeks later, Bishop withdrew her motion for summary judgment and moved for voluntary dismissal without prejudice. Blue Cross sought attorney fees and costs. The trial court granted the motion for voluntary dismissal, although the order dismissed the action with prejudice. Blue Cross's motion for costs and fees was denied. Blue Cross appealed, claiming that the trial court applied an erroneous legal standard in denying its request.

■

Section 805.04(2), Stats., provides that the trial court may grant a plaintiff's motion for voluntary dismissal "upon such terms and conditions as the court deems proper." In cases of voluntary dismissals without prejudice, the award of attorney fees and costs is recognized as a proper term or condition. In *Dunn v. Fred A. Mikkelson, Inc.,* 88 Wis. 2d 369, 382, 276 N.W.2d 748, 754 (1979), the supreme court listed the factors to be considered in assessing attorney fees and costs against a plaintiff who voluntarily dismisses his or her action:

> (1) the utility of the work performed for future proceedings should the plaintiff reinstitute the action; (2) the good faith of the plaintiff; (3) the stage to which the proceedings had progressed; (4) the complexity of the work performed; (5) whether

it would result in undue hardship on the plaintiff; and (6) any factors which would result in unique prejudice to the defendant.

In *Dunn,* however, the dismissal was granted without prejudice. We have found no Wisconsin cases discussing the award of fees and costs where the dismissal is *with* prejudice.

Dismissals granted without prejudice differ from those granted with prejudice. In the former case, the defendant continues to be exposed to the risk of further litigation. In effect, dismissal without prejudice "means [that] the defendant has been put to expense literally for nothing." *Dunn,* 88 Wis. 2d at 377, 276 N.W.2d at 752, quoting *McCann v. Bentley Stores Corporation,* 34 F. Supp. 234, 234 (W.D. Mo. 1940). Accordingly, attorney fees and costs may be awarded in such cases "to protect the defendant from economic prejudice." *Dunn,* 88 Wis. 2d at 378, 276 N.W.2d at 752. Those concerns, however, are not present in cases where the dismissal is with prejudice, for there the defendant is protected from the risk of further litigation. *See Colombrito v. Kelly,* 764 F.2d 122, 134 (2d Cir. 1985) (attorney fees not awarded in cases where dismissal is with prejudice because defendant is "freed of the risk of relitigation of the issues").

Because the *Dunn* factors apply to dismissals without prejudice, we agree with Blue Cross that the trial court unnecessarily applied them in this case. However, we disagree with Blue Cross's assertion that there exists a "federal rule" providing that attorney fees and costs may be assessed as a term or condition of a voluntary dismissal with prejudice where there are "exceptional circumstances."

Blue Cross cites several cases which it contends establish such a rule. Those cases, however, were

characterized in *Colombrito* as either involving express statutory authority for the award or simply "assum[ing] ... that fees can be awarded under exceptional circumstances but ... fail[ing] to find such circumstances on the facts before them." *Id.,* 764 F.2d at 134. The *Colombrito* court concluded: "In view of the questionable origins and rationale of the 'exceptional circumstances' test, we decline to adopt it as [a] standard for a fee award ...." *Id.* (Footnote omitted.)

The trial court used a slightly modified version of the *Dunn* factors in reaching its decision to deny the request for costs and fees. The court considered and discussed (1) whether the work already performed would be useful in other litigation; (2) whether Bishop acted in good faith; (3) the point to which the litigation had progressed; (4) the complexity of the work completed; (5) whether an award would result in undue hardship to Bishop; and (6) any other "equitable factor" affecting Blue Cross. Its conclusions were carefully explained in a lengthy written memorandum decision which demonstrated that it weighed the benefits and burdens to each party.

As *Colombrito* suggests, however, the differences between dismissals with prejudice and those without are too great to admit of resolution by a single rule. The federal courts have interpreted the federal counterpart to sec. 805.04(2), Stats.—Fed. R. Civ. P. 41(a)(2), which also provides that the dismissal is to be without prejudice "[u]nless otherwise specified in the order"— as "implicitly ... grant[ing] a ... court power to dismiss with prejudice" as well. *Andes v. Versant Corp.,* 788 F.2d 1033, 1037 (4th Cir. 1986). *Colombrito* also tells us that cases allowing recovery of attorney fees on dismissals with prejudice are rare, if not nonexistent, in the absence of specific statutory au-

thority. Indeed, allowing recovery of attorney fees by the party prevailing on the merits of a lawsuit would be contrary to the universal practice in this country.

Aside from the federal patent law cases discussed in *Colombrito*—where specific statutory authority existed for the award—we have found no state or federal authority allowing recovery of attorney fees by a defendant where the dismissal was with prejudice. We agree with the *Colombrito* court that Rule 41(a)(2) and its Wisconsin counterpart, sec. 805.04(2), Stats., "do [] not altogether foreclose fees in the event of a dismissal with prejudice." *Colombrito*, 764 F.2d at 134. However, the only example the court could provide was the hypothetical situation where a plaintiff "had made a practice of repeatedly bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." *Id.* at 134–35. *Colombrito* was not such a case, and neither is this.

Still, whether payment of attorney fees may be made one of the "proper" terms of dismissal under sec. 805.04(2), Stats., is discretionary with the trial court. Here, there is no doubt that discretion was exercised for the trial court made a lengthy and reasoned explanation of its decision. However, when it used the *Dunn* criteria—which, as indicated, were designed to test the propriety of fee awards where the dismissal is *without* prejudice—it "appl[ied] an incorrect legal standard, [and thus] the [court's] exercise of discretion is void." *State v. Wyss,* 124 Wis. 2d 681, 741–42, 370 N.W.2d 745, 774 (1985).

There is a little question that the *Dunn* criteria constitute a lesser, more liberal, standard for award-

ing fees than the nearly iron-clad rules applicable to dismissals with prejudice suggested by *Colombrito* and similar cases. Nonetheless, the trial court abused its discretion by applying an incorrect rule of law. Because, however, we have found no case suggesting that attorney fees are recoverable when the dismissal is with prejudice (other than the *Colombrito* hypothetical), it is clear that application of the correct, more strict, rule would also require dismissal of Blue Cross's request as a matter of law. We therefore affirm the trial court's order.

*By the Court.*—Order affirmed.