The ESTATE OF Rita ENGEBOSE, Plaintiff-Respondent,

v.

MORAINE RIDGE LIMITED PARTNERSHIP, d/b/a Moraine Ridge Retirement Village, and State Farm Fire & Casualty Company, Defendants-Co-Appellants,†

STATE INDUSTRIES, INC., The Principle Mutual Insurance Co., and Donna Shalala, Defendants.

Court of Appeals

*No. 98–3019–FT. Submitted on briefs April 29, 1999.—Decided June 22, 1999.*

(Also reported in 598 N.W.2d 584.)

†Petition to review denied.

On behalf of the defendants-co-appellants, the cause was submitted on the briefs of *Robert Bull* of *Crivello, Carlson, Mentkowski & Steeves, S.C.,* Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Lawrence G. Vesely* of *Olson, Kukloski, Galloway & Vesely, S.C.,* Green Bay.

Before Cane, C.J., Myse, P.J., and Hoover, J.

MYSE, P.J.   Moraine Ridge Limited Partnership, d/b/a Moraine Ridge Retirement Village, and its insurer, State Farm Fire & Casualty Co. (collectively, Moraine Ridge), appeal a judgment permitting the estate of Rita Engebose (the estate) to voluntarily dis-

miss without prejudice its previously filed wrongful death claim.[1] Moraine Ridge contends that the trial court erroneously exercised its discretion when it allowed the estate to voluntarily dismiss its initial claim without prejudice so it could refile solely to take advantage of an amended wrongful death statute allowing for higher recovery limits. Moraine Ridge further contends that under the terms of the relevant statutes, the estate cannot avail itself of the higher wrongful death limits by refiling the action because the statute was amended after the claim was initially filed. Because we conclude the trial court did not erroneously exercise its discretion by permitting the estate to voluntarily dismiss the initial claim without prejudice, and because we further conclude that the applicability of the limitations available upon refiling is not properly before us, we affirm the judgment.

Eighty-year-old Rita Engebose occupied an apartment at Moraine Ridge Retirement Village. She sustained serious burns when she sat in a tub of scalding water in her apartment. She filed suit against Moraine Ridge, claiming their negligence was a cause of her injuries, but died shortly thereafter. Her estate then prosecuted the action as a wrongful death claim. The initial action was commenced in March 1997 and was originally scheduled for trial in June 1998. At the estate's request, the trial date was rescheduled to November 1998. In June 1998, the estate filed a motion seeking voluntary dismissal of its March 1997 complaint without prejudice. The trial court granted the motion. According to Moraine Ridge's brief, on or about the same day, the estate refiled a wrongful death action

---

[1] This is an expedited appeal under Rule 809.17, Stats. State Industries, Inc.'s, appeal was dismissed pursuant to Rule 809.18, Stats., by this court's January 19, 1999, order.

arising from the same incident against the same defendants in another Brown County Circuit Court. The estate's voluntary dismissal and refiling was predicated exclusively on its attempt to benefit from the legislature's April 1998 amendment of the wrongful death statute, which increased wrongful death limits.

At the time of Engebose's death, § 895.04(4), STATS. (1995–96), the wrongful death statute, provided in part:

> Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action. Additional damages not to exceed $150,000 for loss of society and companionship may be awarded to the spouse, children or parents of the deceased.

In April 1998, the Wisconsin legislature amended § 895.04(4), STATS., to provide:

> Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action. Additional damages not to exceed $500,000 per occurrence in case of a deceased minor or $350,000 per occurrence in the case of a deceased adult for loss of society and companionship may be awarded to the spouse, children or parents of the deceased or to the siblings of the deceased, if the siblings were minors at the time of death.

*See* 1997 Wis. Act 89, § 3.

Section 805.04(2), STATS., is a rule of fairness designed to protect a defendant from prejudice when a plaintiff seeks to discontinue his suit without an adjudication on the merits. *Dunn v. Fred A. Mikkelson, Inc.*, 88 Wis. 2d 369, 377, 276 N.W.2d 748, 751 (1979). Under

§ 805.04(2), STATS., once issue has been joined, "an action shall not be dismissed at the plaintiff's instance save upon order of court and upon such terms and conditions as the court deems proper. Unless otherwise, specified in the order, a dismissal under this subsection is not on the merits." Motions for voluntary dismissal lie within the trial court's discretion. *See Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 273, 470 N.W.2d 859, 863 (1991). We will sustain a trial court's discretionary decision as long as the court "examined the relevant facts, applied a proper standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Modica v. Verhulst*, 195 Wis. 2d 633, 650, 536 N.W.2d 466, 474 (Ct. App. 1995).

Moraine Ridge claims that the trial court erroneously exercised its discretion by granting the estate's motion to dismiss without prejudice because the court failed to consider the prejudice to the defendant of having to defend the refiled action with a substantially higher wrongful death limit applied to the claim.[2] In granting the estate's motion, the trial court evaluated the effect of permitting the originally filed action to be dismissed without prejudice, anticipating that the action would be refiled. The court considered whether Moraine Ridge would have incurred significant expenditures of time or money that would be rendered futile by refiling the action. The court concluded that Moraine Ridge could apply without loss, at a subsequently scheduled trial, the overwhelming majority of work and money expended in defending the original claim. On that basis, the court concluded that Moraine

---

[2] For purposes of our prejudice discussion, we assume without deciding that the higher statutory wrongful death limits will apply upon refiling.

Ridge would incur no substantial prejudice by granting the motion.

Moraine Ridge contends, however, that the court failed to consider the prejudice inherent in defending a case where higher statutory limits are available to the plaintiff. While it is true that Moraine Ridge faces the prospect of higher wrongful death limits, the legislature specifically provided for the existence of higher limits and the application of those limits measured by the date of filing. Refusing to grant voluntary dismissal requires the estate to proceed with a claim that is subject to substantially lower limits than are available if the claim is filed after the effective date of the amended wrongful death statute. While one party or the other would be disadvantaged by the court's decision whether to grant a motion for voluntary dismissal, those disadvantages flow from the legislature's decision to amend the wrongful death statute to provide for higher limits. This is not the concept of prejudice that is inherent in the cases analyzing § 805.04(2), STATS.

The type of prejudice the trial court must consider when evaluating a motion for voluntary dismissal is the detriment to a defendant of being put through the expense of a lawsuit without the ability to obtain a final determination on the merits. For instance, we have said that when a dismissal without prejudice is granted, the defendant continues to be exposed to the risk of further litigation. *Bishop v. Blue Cross & Blue Shield*, 145 Wis. 2d 315, 318, 426 N.W.2d 114, 116 (Ct. App. 1988). The danger or prejudice sought to be avoided is the damage to the defendant resulting from being taken to court *and put to expense* without the chance of having the suit determined in his or her favor. *See Dunn*, 88 Wis. 2d at 377, 276 N.W.2d at 752. We have also stated that dismissal without prejudice

"means [that] the defendant has been put to expense literally for nothing." *Id.* (internal quoted source omitted). In assessing factors to consider in determining whether a defendant suffered prejudice under FED. R. CIV. P. 41(a)(2), the federal counterpart to § 805.04(2), STATS., the seventh circuit considered:

> [T]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.

*FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992) (quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

Therefore, the estate's recourse to the benefit of an available statutory amendment is not an element of prejudice that precludes the trial court from granting the estate's motion to voluntarily dismiss the originally filed claim without prejudice. Moraine Ridge will not be hindered in the presentation of its defense by loss of evidence or witnesses and will not be required to expend greater sums of money or time that could not be fully utilized in the ultimately scheduled trial of this matter. Further, the delay inherent in rescheduling the case will not operate to disadvantage Moraine Ridge tactically or strategically. We agree with the trial court that the availability of higher statutory limits for wrongful death actions does not require denial of the estate's motion for voluntary dismissal. We conclude, therefore, that the trial court properly exercised its discretion by refusing to consider as prejudice Moraine Ridge's exposure to higher statutory wrongful

866

death limits and by further concluding that voluntary dismissal would not unfairly prejudice Moraine Ridge.

Moraine Ridge also contends that the higher limits will not be available to the estate upon refiling because the statutory language authorizing the higher wrongful death limits measures their availability by date of filing, not by date of refiling. The merits of this issue are not properly before us. The case's refiling and the limits that will be available must be addressed as part of the refiled case, which is not before us. We are limited in our review to the record before us. *Herro, McAndrews & Porter v. Gerhardt*, 62 Wis. 2d 179, 180, 214 N.W.2d 401, 402 (1974). There is nothing in the record relating to the refiled case. That case is apparently pending in another Brown County Circuit Court. Because the refiled case is not before us, we cannot reach a determination on this issue.

Because we conclude that the trial court did not erroneously exercise its discretion by permitting the estate to voluntarily dismiss the initial claim without prejudice, and because we further conclude that the applicability of the limitations available upon refiling is not properly before us, we affirm the judgment.

*By the Court.*—Judgment affirmed.