**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**November 17, 2020**

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2019AP378**

**STATE OF WISCONSIN**

Cir. Ct. No.  2015CV3053

**IN COURT OF APPEALS**
**DISTRICT I**

US BANK NA,

    PLAINTIFF-RESPONDENT,

  V.

TAMARA D. TELLOCK,

    DEFENDANT-APPELLANT,

JOHN DOE TELLOCK AND MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INC.,

    DEFENDANTS.

        APPEAL from a judgment of the circuit court for Milwaukee
County:  KEVIN E. MARTENS, Judge.  *Affirmed*.

        Before Brash, P.J., Blanchard and Dugan, JJ.

¶1 DUGAN, J. Tamara D. Tellock appeals the judgment entered by the Milwaukee County Circuit Court[1] reinstating a loan modification agreement Tellock entered into with US Bank.[2] On appeal, Tellock argues that the circuit court erred when it (1) prohibited her from introducing evidence of emotional distress damages and (2) ordered that accrued interest owed by Tellock be added to the total amount due under the reinstated agreement.

¶2 We conclude that the circuit court properly prohibited Tellock from introducing evidence of emotional distress damages because damages for emotional distress are not recoverable for a violation of WIS. STAT. § 224.77(1) (2017-18).[3] We also conclude that the order adding accrued interest to the total amount due under the reinstated agreement is not properly before this court and, therefore, we decline to address this issue.

## BACKGROUND

¶3 Tellock defaulted on her mortgage loan, and US Bank, via its loan servicer, offered her a loan modification that would amend and supersede the terms of the original loan. Tellock and the loan servicer signed the loan modification agreement in January 2014. Several months after the agreement had been signed and Tellock made payments under the agreement, US Bank discovered that the principal balance on the agreement had been miscalculated.

---

[1] The Honorable Rebecca F. Dallet presided over the pretrial proceedings, issued the ruling regarding damages for emotional distress, and presided over the trial in this case. The Honorable Kevin E. Martens entered the judgment following the trial.

[2] Tellock only appealed from that part of the judgment that did not award her damages.

[3] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The miscalculation resulted in a reduction in the principal amount Tellock owed on the loan. After realizing this mistake, US Bank began returning Tellock's payments and refused to accept new ones. It also tried to negotiate a new loan modification agreement with Tellock to correct the mistake.

¶4 Tellock declined to renegotiate the loan modification. Thereafter, on April 14, 2015, US Bank filed a foreclosure action against Tellock. In the foreclosure action, US Bank alleged that Tellock had been in default on her loan since 2011 and made no mention of the loan modification agreement that was signed in 2014. Tellock filed a *pro se* letter answer and then hired counsel. Tellock filed an amended answer and a counterclaim alleging, as is relevant here, that US Bank violated WIS. STAT. § 224.77(1).[4]

¶5 The case proceeded to a trial before the circuit court. As part of the pretrial proceedings, US Bank filed a motion *in limine* arguing, *inter alia*, that Tellock should be prohibited from presenting evidence of emotional distress because (1) she failed to submit expert reports and records as required by the circuit court's scheduling order and (2) she was unable to recover damages for emotional distress on her claim alleging a violation of WIS. STAT. § 224.77(1). Following a hearing on March 6, 2018, the circuit court granted US Bank's motion

---

[4] Tellock specifically alleged that US Bank's conduct violated WIS. STAT. § 224.77(1)(c), (d), (i), (L), and (m), which prohibit "[m]ak[ing] a false, deceptive, or misleading promise relating to the services being offered or that influences, persuades, or induces a client to act to his or her detriment"; "[p]ursu[ing] a continued and flagrant course of misrepresentation, or making false promises, whether directly or through agents or advertising"; "[d]emonstrat[ing] a lack of competency to act as a mortgage banker, mortgage loan originator, or mortgage broker in a way that safeguards the interests of the public"; "[e]ngag[ing] in conduct that violates a standard of professional behavior which, through professional experience, has become established for mortgage bankers, mortgage loan originators, or mortgage brokers"; and "[e]ngag[ing] in conduct, whether of the same or a different character than specified elsewhere in this section, that constitutes improper, fraudulent, or dishonest dealing."

and ordered that Tellock was prohibited from presenting evidence of emotional distress.

¶6 The matter proceeded to a court trial on April 9, 2018, July 5, 2018, and July 6, 2018.[5] Following the trial to the court, the circuit court entered judgment in Tellock's favor dismissing the foreclosure claim, reinstating the loan modification agreement signed in 2014, and awarding Tellock attorney fees. The circuit court's judgment was entered on November 19, 2018. On February 14, 2019, Tellock filed a notice of appeal appealing, in part, the circuit court's judgment entered on November 19, 2018.[6] The record was transmitted to this court on June 12, 2019.

¶7 As the parties generally describe in their briefing, in July and August 2019, the circuit court addressed the issue of whether interest that accrued while this action was pending should be added to the principal balance of Tellock's loan modification agreement. As we explain in more detail below, the record does not contain a transcript of any hearing that the circuit court may have held on this issue, nor a copy of any order regarding this issue and neither party filed an amended notice of appeal.

## STANDARD OF REVIEW

¶8 "A motion *in limine* is reviewed under a discretionary standard and will not be reversed if the [circuit] court made a reasonable decision based on the

---

[5] We note that the only transcript in the record for the trial proceedings is from April 9, 2018.

[6] U.S. Bank filed a cross-appeal of "the whole" judgment and later voluntarily dismissed the cross-appeal under WIS. STAT. RULE 809.18.

pertinent facts and applicable law." ***F.R. v. T.B.***, 225 Wis. 2d 628, 649, 593 N.W. 840 (Ct. App. 1999) (emphasis added). Whether applicable law allows Tellock to recover damages for emotional distress presents a question of law that we review *de novo*. *See **Musa v. Jefferson Cnty. Bank***, 2001 WI 2, ¶13, 240 Wis. 2d 327, 620 N.W.2d 797.

## DISCUSSION

### I.  Tellock is not able to recover for emotional distress as part of "actual damages" for a violation of WIS. STAT. § 224.77

¶9      On appeal, Tellock claims that she is entitled to recover an award of damages to compensate her for emotional distress based on her claim that US Bank violated WIS. STAT. § 224.77. She argues that litigants in Wisconsin can seek damages for emotional distress without suing for the specific tort of infliction of emotional distress, but instead can pursue such damages based on any claim of a tort or a violation of a statute so long as the litigant can prove both intentional conduct and the existence of substantial damages aside and apart from the emotional distress itself ("substantial other damages").

¶10      Tellock asserts that she did not sue US Bank for either negligent or intentional infliction of emotional distress, but instead for a violation of § 224.77(1) and sought, as part of her "actual damages" under WIS. STAT. § 224.80, to recover damages for emotional distress.[7] Her specific argument is

---

[7] WISCONSIN STAT. § 224.77(1) prohibits mortgage bankers, mortgage loan originators, mortgage brokers, and other related entities from engaging in certain practices and conduct. If any of these entities engage in any of the prohibited practices, WIS. STAT. § 224.80(2) authorizes a private cause of action. As part of this cause of action authorized by § 224.80(2), a party is allowed to recover "actual damages."

that she can seek emotional damages under § 224.80 because she can prove that US Bank acted intentionally and that she suffered substantial other damages. We disagree. For the reasons discussed below, we conclude that Tellock cannot recover damages for emotional distress for her counterclaim alleging a violation of § 224.77(1).[8]

¶11   In support of her argument, Tellock relies heavily on *Anderson v. Continental Insurance Co.*, 85 Wis. 2d 675, 271 N.W.2d 368 (1978). However, we conclude that she reads this opinion much too broadly and out of context. She interprets *Anderson* as holding that a litigant seeking damages for emotional distress need only "plead intentional activity which caused emotional distress, and which also caused 'substantial other damages.'" She also asserts that the "actual damages" allowed by WIS. STAT. § 224.80(2) include damages for emotional distress because, under *Anderson*, a party can recover for emotional distress when he or she can prove that the other party acted intentionally and the party suffered substantial other damages. Based on her interpretation of *Anderson*, she argues that, because she can prove that US Bank acted intentionally and that she suffered substantial other damages, she is entitled to recover damages for emotional distress for US Bank's violation of WIS. STAT. § 224.77(1).

¶12   We conclude that Tellock misconstrues our supreme court's statements in *Anderson*, ignores the context of those statements, and effectively is

---

[8] Tellock also argues that the circuit court erroneously exercised its discretion in granting US Bank's motion *in limine* to exclude any evidence relating to her claim for damages for emotional distress on the grounds that she violated the scheduling order and did not comply with rules of discovery. Because we conclude that Tellock cannot recover damages for emotional distress for a violation of WIS. STAT. § 224.77(1), we need not address this issue.

arguing for the expansion of the recovery of damages for emotional distress beyond the limits set by Wisconsin law.

¶13　In *Anderson*, our supreme court addressed the issue of whether "an insured may assert a cause of action in tort against an insurer for the bad faith refusal to honor a claim of the insured." *Anderson*, 85 Wis. 2d at 680. It noted that "such a cause of action has never been explicitly recognized in this state." *Id.* at 684. In holding that a cause of action for bad faith refusal to honor a claim of an insured does exist in Wisconsin, our supreme court emphasized that "[b]y virtue of *the relationship between the parties created by the contract*, a special duty arises, the breach of which duty is a tort and unrelated to contract damages." *Id.* at 686 (emphasis added). It further stated that "[w]e emphasize at this juncture only that the tort of bad faith is not a tortious breach of contract. It is a separate intentional wrong, which results from a breach of duty imposed as a *consequence of the relationship established by contract*." *Id.* at 687 (emphasis added).

¶14　The *Anderson* court explained that the rationale for its reasoning had its origin in its decision in *Hilker v. Western Automobile Insurance Co.*, 204 Wis. 1, 231 N.W. 257, 235 N.W. 413 (1930, 1931). *Anderson*, 85 Wis. 2d at 687. The court stated that "[i]n *Hilker*, the duty on the insurance company was found to be analogous to that of a fiduciary." *Anderson*, 85 Wis. 2d at 688.

¶15　Further explanation of our supreme court's reasoning in *Anderson* is found in *Foseid v. State Bank of Cross Plains*, 197 Wis. 2d 772, 541 N.W.2d 203 (Ct. App. 1995). In *Foseid*, this court emphasized that the tort of lack of good faith or bad faith "does not exist in Wisconsin other than in certain cases involving insurance companies and their insureds." *Id.* at 792. We also stated:

> Because tort and contract actions are, to a large degree, apples and oranges, where a tort claim is made and a contract is involved, the case may proceed in tort only if there is a duty owed by the defendant to the plaintiff that is independent of the duty to perform under the contract, such as a fiduciary relationship. … [W]e recognize a bad-faith cause of action by insureds not because the challenged acts involve a "tortious breach of contract" but because the independent fiduciary duty an insurer owes to its insured has been breached.

*Id.* at 792 n.13 (citations omitted).

¶16    We conclude that the ***Anderson*** court did not establish the broad right to damages for emotional distress that Tellock claims, but instead limited it analysis to the context of tort actions in which there is a duty that exists independent of any contract obligation.  Tellock correctly states that ***Anderson*** did recognize that a party could seek damages for emotional distress without pleading the specific tort of intentional infliction of emotional distress.  However, we do not agree that ***Anderson*** expanded the ability to recover for emotional distress under any cause of action by simply showing intentional conduct and substantial other damages.[9]  Rather, as explained in ***Anderson*** and ***Foseid***, a claim may proceed in tort only if there is a special duty owed by the defendant to the plaintiff as a result

---

[9] We note that in making this argument Tellock fails to cite the full language that the ***Anderson*** court used on this point.  The court stated:

> In the bad faith cause of action against an insurance company, we therefore conclude that to recover for emotional distress in the absence of pleading and proof that there was an intentional infliction of emotional distress, the plaintiff must plead and prove substantial damages *aside and apart from the emotional distress itself and the damages occasioned by the simple breach of contract*.

***Anderson v. Continental Ins. Co.***, 85 Wis. 2d 675, 695-96, 271 N.W.2d 368 (1978) (emphasis added).

of the relationship between the parties that is independent of the duty to perform under the contract.  Thus, under *Anderson*, a claimant still must assert a cause of action in tort, and cannot merely assert any cause of action and simply show intentional conduct and substantial other damages to be entitled to recover damages for emotional distress.

¶17　　Here, Tellock argues, as she did to the circuit court, that a claim under WIS. STAT. § 224.77(1) is similar to a tort and, thus, allows for the recovery of damages for emotional distress.　However, also before the circuit court, Tellock's counsel conceded that "we are making a claim for a violation of a statute."　He further conceded, "I don't know of any cases that have extended *Anderson* … to a claim for intentional violation of a statute, but I don't see this as conceptually different than any other tort claim in which the claim [sic] has proven intentional activity."

¶18　　In other words, what Tellock is asking this court to do is create a new tort claim for intentionally violating a statute.  We decline to do so because, as Tellock concedes, there is no Wisconsin authority to support this argument that intentional violation of a statute is an independent tort.[10]  As we noted, the court in

---

[10] Tellock further argues that federal courts allow the recovery of damages for emotional distress under a related federal law, the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, et seq.  RESPA is a consumer protection statute that "imposes a number of duties on lenders and loan servicers." *See, e.g.*, *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 680 (7th Cir. 2011).  As is relevant here, RESPA provides an individual cause of action for "actual damages" for a failure to provide certain notices to borrowers and respond to requests for information from borrowers.  12 U.S.C. § 2605(f)(1).  RESPA and any resulting case law, however, is persuasive at best and is not binding here. *See Johnson v. County of Crawford*, 195 Wis. 2d 374, 383, 536 N.W.2d 167 (Ct. App. 1995) ("We are not bound by a federal court's interpretation of state law."); *see also State v. Zimmerman*, 196 Wis. 2d 419, 428 n.6, 538 N.W.2d 608 (Ct. App. 1995) (declining to use FOIA to interpret Wisconsin's open records law).  Accordingly, we are bound to follow Wisconsin law that clearly limits the ability to recover damages for emotional distress to the tort context.  Any change would be for our supreme court or legislature to address.

*Anderson* recognized a new tort and extended recovery for emotional distress to that tort because of the relationship between the parties. We are not persuaded that such a relationship exists here that allows us to extend such a recovery to a statutory violation.

¶19 As noted, Tellock merely asserts that a claim of an intentional violation of a statute is like a tort. She fails to cite any Wisconsin authority that intentional violation of a statute involves a duty owed by US Bank to Tellock that is independent of the duty to perform under the statute, such as the fiduciary relationship recognized in *Anderson*. We reject Tellock's argument, and we conclude that *Anderson* did not expand the ability of a party to recover for emotional distress to any cause of action by simply showing intentional conduct and substantial other damages. Tellock's argument rests entirely on her misunderstanding of *Anderson* as we have explained. We conclude that Tellock cannot recover damages for emotional distress for her counterclaim alleging a violation of WIS. STAT. § 224.77(1). Thus, the circuit court properly prohibited her from introducing evidence of emotional distress as part of the actual damages she sought to recover under her counterclaim alleging a violation of § 224.77(1).

## II. The circuit court's order adding accrued interest to the reinstated loan modification is not properly before this court.

¶20 As noted, the parties generally note that the circuit court addressed the issue of whether interest that accrued during the time that this action was pending should be added to the principal balance of Tellock's loan modification agreement. US Bank asserts that the circuit court's additional order is not part of this appeal. Tellock asserts that the issue is properly before this court. However,

we conclude that the issue is not properly before this court, and we decline to address it.

¶21    First, we note that although the parties state that the circuit court "ruled" and "ordered" that the interest that accrued during the time that this action was pending be added to the principal balance of Tellock's loan modification, they do not cite to anything in the record in support of that assertion.

¶22    We have reviewed the record, and there is nothing in the record that shows that the circuit court addressed the issue.  In particular, the record does not contain a transcript of any hearing that the circuit court may have held on this issue, nor a copy of any written order regarding this issue.[11]  In short, any oral ruling and written order by the circuit court are not part of the record before us, and our review is limited to the record before us.  *See* ***Engbose v. Moraine Ridge Ltd. P'ship***, 228 Wis. 2d 860, 867, 598 N.W.2d 584 (Ct. App. 1999) (declining to address an issue because "[t]here [was] nothing in the record relating to the refiled case").  We, therefore, decline to address any order of the circuit court addressing accrued interest because it has not been made part of the record.

¶23    Second, even if we assumed that the circuit court did rule on the issue, we conclude that we do not have jurisdiction to address the issue because any ruling by the circuit court has not been properly appealed.  "[W]e must

---

[11] We do note that the record does contain copies of correspondence and briefs by the parties addressing the issue.  We further note that Tellock included in the appendix of her appellate brief a copy of a transcript of a hearing on June 11, 2019, and a copy of a written order signed by the circuit court dated August 21, 2019, addressing the issue.  However, an appendix submitted by a party may not be used to supplement the record.  *See* ***Reznichek v. Grall***, 150 Wis. 2d 752, 754 n.1, 442 N.W.2d 545 (Ct. App. 1989) ("The appendix may not be used to supplement the record, and we accordingly limit our recitation of the facts to those … which are in the record.").

independently determine if we have jurisdiction." *Milwaukee City Hous. Auth. v. Cobb*, 2014 WI App 70, ¶1 n.2, 354 Wis. 2d 603, 849 N.W.2d 920, *rev'd on other grounds*, 2015 WI 27, 361 Wis. 2d 359, 860 N.W.2d 267; *see also Dyer v. Blackhawk Leather LLC*, 2008 WI App 128, ¶28, 313 Wis. 2d 803, 758 N.W.2d 167 ("This court always has a duty to resolve, even *sua sponte*, the question of whether it has jurisdiction over an issue on appeal." (emphasis added)). In *Cobb*, this court was asked to review a circuit court's oral ruling on a motion for reconsideration. We independently determined that we lacked jurisdiction to do so in part because "[the] notice of appeal says that [the appellant] appeals from the 'judgment' and the restitution order, but does not mention the order denying his motion for reconsideration." *Cobb*, 354 Wis. 2d 603, ¶1 n.2.

¶24 Even if we assumed that the circuit court ruled on the issue of accrued interest, we would conclude that we would lack jurisdiction to address the circuit court's order here for the same reason as in *Cobb*. The circuit court entered its judgment and order reinstating the loan modification agreement on November 19, 2018. Tellock then filed a notice of appeal on February 14, 2019, stating that she appealed the November 19, 2018 judgment dismissing the complaint, but not awarding damages. The record was then transmitted to this court on June 12, 2019. After we received the record, according to the documents Tellock included in her appendix, the circuit court addressed the issue of accrued interest on the reinstated loan at a hearing on June 16, 2019, and ordered that accrued interest be added to the principal amount on the loan modification by written order dated

August 21, 2019. Tellock never filed an amended notice of appeal addressing her appeal of the circuit court's order addressing the accrued interest.[12]

¶25 Based on those assumed facts, we conclude that we would not have jurisdiction to address the issue of the accrued interest.

## CONCLUSION

¶26 We conclude that the circuit court properly prohibited Tellock from introducing evidence of emotional distress for her counterclaim alleging a statutory violation of WIS. STAT. § 224.77(1). We also conclude that the issue regarding whether the circuit court properly included accrued interest to the total amount due under the reinstated loan modification is not properly before this court.

*By the Court.*—Judgment affirmed.

Not recommended for publication in the official reports.

---

[12] After filing her notice of appeal, Tellock requested that this court postpone briefing until the circuit court addressed the remaining issues in this case and after Tellock was able to file an amended notice of appeal. Tellock admits that she never filed an amended notice of appeal.